## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARMEN'S CORNER STORE, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. SMALL BUSINESS<br>ADMINISTRATION, *et al.*,<br><br>    Defendants. | Case No. 1:20-cv-01736-CCB |

## JOINT CASE MANAGEMENT STATEMENT

<table>
<tr>
<td>

New Civil Liberties Alliance

JOHN VECCHIONE
Senior Litigation Counsel
Bar No. 22565

JARED McCLAIN
Staff Counsel
Bar No. 21322
Jared.McClain@NCLA.legal
1225 19th Street NW, Suite 450
Washington, DC 20036
tel.: (202) 869-5210

*Counsel to Plaintiffs Carmen's Corner Store,*
*Retail4Real, and Altimont Mark Wilks*

</td>
<td>

ETHAN P. DAVIS
Acting Assistant Attorney General

DAVID M. MORRELL
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director

ERIC WOMACK
Assistant Director

JAMES J. GILLIGAN
Special Litigation Counsel

INDRANEEL SUR
Trial Attorney

Federal Programs Branch,
Civil Division
United States Department of Justice
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 616-8488
E-mail: indraneel.sur@usdoj.gov

*Counsel for Defendants*

</td>
</tr>
</table>

On August 5, 2020, this Court asked the parties to provide a status report indicating whether this is any need for further scheduling. (ECF 41). The *Carmen's* plaintiffs and the government defendants met and conferred throughout the week of August 7 but have been unable to reconcile their positions on the need for further scheduling. This joint case management statement outlines the parties' positions for the Court.

### Plaintiffs' Legal Position

When Plaintiffs filed their Verified Amended Complaint, they sought both declaratory and injunctive relief as well as costs, attorneys' fees, and any other relief the Court deems just and proper. To date, the Plaintiffs have received only preliminary injunctive relief. This Court's June 29 memorandum opinion and order granted the Plaintiffs a preliminary injunction allowing them to secure PPP loans. The Court recognized that injunctive relief was necessary, despite SBA's promulgation of the June 24 Criminal History Rule, because the prior, unlawful Criminal History Rule(s) had prevented the Plaintiffs from receiving loans to that point and had created ongoing practical difficulties to their ability to do so. As a result of this Court's order, Plaintiffs have now received the PPP loans that they sought.

Despite the Plaintiffs' receipt of their PPP loans—thanks only to this Court's preliminary injunction—the Plaintiffs believe they are still entitled to a declaratory judgment that the prior iterations of SBA's Criminal History Rule was unlawful. SBA's arbitrary-and-capricious rulemaking in this case caused the Plaintiffs concrete harm and demonstrated a disregard for both the Plaintiffs' rights and the rule of law generally. SBA's voluntary cessation of its unlawful behavior does not deprive this Court of this jurisdiction to say that SBA's now-superseded Criminal History Rule was unlawful—particularly considering the likelihood that SBA may repeat that harm absent a court order. There are no signs that the COVID-19 pandemic is subsiding, and Congress is currently negotiating on the next round of relief for small businesses.

Plaintiffs believe that SBA's promulgation of the June 24 Rule was a direct consequence of the Plaintiffs' complaint in this case, but SBA has not conceded that its prior iterations of the Criminal History Rule were unlawful. Without a court order declaring SBA's past conduct unlawful (as opposed to an opinion ruling only that the Plaintiffs are likely to succeed on the merits), the agency is likely to repeat its prior unlawful conduct in the future, to the detriment of the Plaintiffs. There is still, then, an ongoing controversy between the parties.

**Defendants' Legal Position**

SBA does not view the parties as having a justiciable dispute at this time, because it is undisputed that the "Criminal History Rule" as challenged in the Verified Complaint is no longer in force, and that after Congress enacted and the President signed into law an extension of the PPP authorization (Pub. L. No. 116-147, 134 Stat. 660), the Plaintiffs in this action have each obtained a PPP loan. *See generally Phillips v. McLaughlin*, 854 F.2d 673, 677 (4th Cir. 1988) ("request for prospective relief alone, founded on a challenge to a regulation which no longer applies to plaintiffs, does not present an actual case or controversy").

There is no prospect that the SBA could do "detriment [to] the Plaintiffs" by "repeat[ing] its prior unlawful conduct." First, even if speculation that the SBA might at some point decide to reinstate the now-superseded Criminal History Rule were sufficient to maintain a live controversy— which it is not—the PPP expired by law on August 8, 2020. *See, e.g.*, SBA, Paycheck Protection Program ("Current law dictates that the [PPP] close at the end of August 8, 2020. As such, SBA is no longer accepting PPP applications from participating lenders."), at https://www.sba.gov/funding-programs/loans/coronavirus-relief-options/paycheck-protection-program#section-header-0.

Second, even if Congress were to re-authorize the PPP as part of another package of relief for those economically injured by the pandemic, the CARES Act limits borrowers to only one such loan. *See* CARES Act § 1106(G)(i)(IV); Interim Final Rule, Business Loan Program Temporary Changes;

Paycheck Protection Program, 85 Fed. Reg. 20811, 20814 (Apr. 15, 2020) (paragraph III.2.t.vi) (providing than an applicant must certify that it has not "receive[d] another loan under the [the PPP] program"). The SBA could not injure Plaintiffs by reinstating the prior rule because the CARES Act itself renders them ineligible to apply for additional PPP loans. SBA therefore concludes that there is no ongoing dispute between the parties (as recognized, evidently, by the plaintiffs in *Defy Ventures*) and this Court is without subject-matter jurisdiction to enter any further ruling on the merits.

### Plaintiffs' Procedural Position

Plaintiffs maintain that because the Defendants have still not responded to the Verified Complaint, it is the Defendants obligation to either file an answer or some other dispositive motion. If the Defendants believe that this case is moot or this Court is without subject-matter jurisdiction, the Defendants should say so in a filing to which the Plaintiffs can respond.

### Defendants' Procedural Position

Given the undisputed background, SBA does not believe it would be useful for the briefing to commence with a motion to dismiss by SBA, because the description of Plaintiffs' case contained in the Verified Complaint has been overtaken by events. It is Plaintiffs—not SBA—that presumably know the facts and circumstances and legal theories on which they will rely as support for their view that a justiciable controversy remains despite those events. It will do little to shed light on the proper resolution of this case if Defendants are required to file their motion to dismiss without first knowing what further relief Plaintiffs seek and the grounds on which they believe they are entitled to seek it. Defendants believe that the proper course is for the briefing schedule to start with a motion by the Plaintiffs, accompanied by factual submissions, and for SBA in opposition to explain (if appropriate) why those submissions do not meet the Plaintiffs' burden to establish subject-matter jurisdiction or otherwise warrant dismissal.

**Proposed Schedule(s):**

Although the parties do not agree on the proper order in which briefing should occur, they have agreed to two variations of a briefing schedule. If the next step is for the Defendants to file a motion to dismiss, the parties agree to the following schedule.

- SBA's motion to dismiss by August 26
- Plaintiffs' opposition and motion by September 9
- SBA's reply by September 23
- Plaintiffs' reply by October 7

If, however, the proper course is for the Plaintiffs to file a motion, the parties agree to this slight variation of the schedule:

- Plaintiffs' motion by August 28
- SBA's opposition and motion by September 11
- Plaintiffs' reply by September 25
- SBA's reply by October 9

Dated: August 14, 2020

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

NEW CIVIL LIBERTIES ALLIANCE

DAVID M. MORRELL
Deputy Assistant Attorney General

JOHN VECCHIONE
Senior Litigation Counsel
Bar No. 22565

JOHN R. GRIFFITHS
Director

ERIC WOMACK
Assistant Director

_____/s/_____

JARED McCLAIN
Staff Counsel
Bar No. 21322
Jared.McClain@NCLA.legal
1225 19th Street NW, Suite 450
Washington, DC 20036
tel.: (202) 869-5210
*Counsel to Plaintiffs Carmen's Corner Store,*
*Retail4Real, and Altimont Mark Wilks*

JAMES J. GILLIGAN
Special Litigation Counsel

_/s/  Indraneel Sur_____
INDRANEEL SUR
Trial Attorney

Federal Programs Branch,
Civil Division

4

United States Department of Justice
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 616-8488
E-mail: indraneel.sur@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I filed this Reply Brief electronically with the Clerk of the Court for the United States District Court for the District of Maryland by using the CM/ECF system on June 26, 2020.  I also certify that the foregoing document is being served on all counsel of record in this appeal via CM/ECF.

June 26, 2020

Respectfully,

_____/s/_____
Ronald S. Canter